UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO. 2:19-CV-00120-SPC-MRM

YASIN ABDULKADIR, et al.,

    Plaintiffs,

vs.

DAVID HARDIN, Sheriff of Glades County,
Florida, et al.,

    Defendants.
_____/

## DEFENDANT SHERIFF'S ANSWER/AFFIRMATIVE DEFENSES
## (COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES)

The Defendant, DAVID HARDIN, Sheriff of Glades County, Florida, through his undersigned counsel, hereby files this his Answer/Affirmative Defenses (Complaint for Declaratory and Injunctive Relief and Damages) and in support thereof would state as follows:

## INTRODUCTION

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.
6. Denied.
7. Denied.

-1-

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## JURISDICTION AND VENUE

12. Denied.

13. Admitted.

## PARTIES

I. **PLAINTIFFS**

14. Without knowledge and strict proof thereof is demanded.

15. Without knowledge and strict proof thereof is demanded.

16. Without knowledge and strict proof thereof is demanded.

17. Without knowledge and strict proof thereof is demanded.

18. Without knowledge and strict proof thereof is demanded.

II. **DEFENDANTS**

19. Admitted.

20. It is admitted that Defendant Henson is the Chief Deputy of Corrections for Sheriff Hardin. All of the rest and remainder of the allegations contained in Paragraph 20 are denied.

21. Denied.

22. It is admitted that the Defendant Summers is the FSA for the Glades County Detention Center. All of the rest and remainder of the allegations contained in

Paragraph 22 are denied.

23. Admitted as to the allegations of the incorporation of the Defendant, GCDC, but of the rest and remainder of the allegations contained in Paragraph 23 are denied.

24. Admitted.

25. Without knowledge and strict proof thereof is demanded.

26. Without knowledge and strict proof thereof is demanded.

27. Without knowledge and strict proof thereof is demanded.

28. Without knowledge and strict proof thereof is demanded.

29. Without knowledge and strict proof thereof is demanded.

30. Admitted.

## FACTUAL ALLEGATIONS

I. **Plaintiffs Wish to Practice Their Faith While in Custody, but Defendants Place Unreasonable Burdens on Multiple Aspects of Their Religious Practice.**

31. Denied.

    a. *Failure to Take Minimum Steps to Protect Religious Practice Beginning at "In-Processing"*

32. Denied.

33. Denied.

34. Denied.

    b. *Failure to Provide Plaintiffs With Essential Religious Items and Services*

35. Denied.

36. Is neither admitted nor denied, as the allegation consists of a mixed statement of law and fact, to which a response is not required.

37. Denied.

38. Denied.

39. Without knowledge and strict proof thereof is demanded.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

    c.    *Pattern of Needlessly Limiting Plaintiffs' Ability to Pray*

48. Is neither admitted nor denied, as the allegation consists of a mixed statement of law and fact, to which a response is not required.

49. Is neither admitted nor denied, as the allegation consists of a mixed statement of law and fact, to which a response is not required.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

    d. *Failure to Provide Meals Compliant with Plaintiffs' Religious Beliefs*

55. Is neither admitted nor denied, as the allegation consists of a mixed statement of law and fact, to which a response is not required.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Is neither admitted nor denied, as the allegation consists of a mixed statement of law and fact, to which a response is not required.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## II. GCDC REPEATEDLY FAILS TO COMPLY WITH DETENTION STANDARDS PERTAINING TO RELIGIOUS EXERCISE, AND ICE FAILS TO MONITOR OR ENFORCE CONTRACT STANDARDS DESPITE GCDC'S PATTERN OF VIOLATIONS

65. Denied.

    a. *GCDC is Governed by Contractually-Incorporated Detention Standards that Fall Below the Statutory Floor for Free Exercise Protection*

66. Denied.

    b. *GCDC is a Persistent Violator of the Detention Standards.*

67. Denied.

68. Without knowledge and strict proof thereof is demanded.

69. Without knowledge and strict proof thereof is demanded.

70. Without knowledge and strict proof thereof is demanded.

71. Without knowledge and strict proof thereof is demanded.

72. Without knowledge and strict proof thereof is demanded.

73. Without knowledge and strict proof thereof is demanded.

74. Without knowledge and strict proof thereof is demanded.

75. Without knowledge and strict proof thereof is demanded.

76. Denied.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Violation of RFRA)
### (Against Defendants Vitiello, Martin, Acosta, Dominguez, Brown and ICE)

77-86. The Defendant SHERIFF files no response to the allegations contained Paragraphs 77-86 contained in the First Claim for Relief as the First Claim for Relief does not seek to obtain relief against him.

### SECOND CLAIM FOR RELIEF
### (Violation of RLUIPA)
### (Against Defendants Glades Correctional Development Corporation, Glades County, Hardin, Henson, Booher and Summers)

87. Admitted.

88. Admitted as a general proposition as a statement of law.

89. Without knowledge and strict proof thereof is demanded.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

### THIRD CLAIM FOR RELIEF
### (Violation of FRFRA)
### (Against Defendants Glades Correctional Development Corporation, Glades County, Hardin, Henson, Booher and Summers)

94. Admitted

95. Admitted as a general proposition as a statement of law.

96. Denied.

97. Without knowledge and strict proof thereof is demanded.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

### FOURTH CLAIM FOR RELIEF
### (Violation of the First and Fourteenth Amendments)
### (Against Defendants Glades Correctional Development Corporation, Glades County, Hardin, Henson, Booher and Summers)

102. Admitted.

103. Admitted as a general proposition as a statement of law.

104. Without knowledge and strict proof thereof is demanded.

105. Denied.

106. Denied.

107. Denied.

## DEMAND FOR JURY TRIAL

108. Admitted.

## GENERAL DENIAL

Any allegations to which a specific response has not been provided are hereby denied, and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

I. As a first and separate affirmative defense, the Defendant SHERIFF would assert, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, that the Plaintiff has failed to state a claim for relief by failing to make sufficient allegations of ultimate fact demonstrating that this court has subject matter jurisdiction over the claim.

II. As a further and separate affirmative defense, the Defendant SHERIFF, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would assert that the Plaintiff has failed to make sufficient allegations of ultimate fact from which it can be determined that a claim for relief has been stated.

III. As a further and separate affirmative defense, the Defendant SHERIFF would assert that he, at no time, promulgated or implemented a custom, policy, practice, or procedure which authorized the commission of any act in derogation of Plaintiff's civil rights, and the Defendant SHERIFF would assert that no such custom, policy, practice or procedure was the moving force or cause of any alleged violation of Plaintiff's constitutional rights.

IV. As a further and separate affirmative defense, the Defendant SHERIFF, with specific reference to the Third Claim for Relief of the Complaint would assert, that

Plaintiff has failed to satisfy any and all conditions precedent or subsequent to the initiation or maintenance of such state law claim, against him.

## DEMAND FOR JURY TRIAL

The Defendant SHERIFF hereby demands trial by jury on all issues so triable.

**I HEREBY CERTIFY** that a copy of the foregoing has been filed with the Clerk of Court via CM/ECF, which will send a copy via e-mail to all counsel of record, this **18th** day of April, 2019.

　　　　　　　　　　　　　　 */s/ Bruce W. Jolly*
　　　　　　　　　　　　　　BRUCE W. JOLLY
　　　　　　　　　　　　　　Fla. Bar No. 203637
　　　　　　　　　　　　　　PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
　　　　　　　　　　　　　　Trial Counsel for Defendant Hardin
　　　　　　　　　　　　　　2455 East Sunrise Boulevard, Suite 1216
　　　　　　　　　　　　　　Fort Lauderdale, Florida 33304
　　　　　　　　　　　　　　Telephone (954) 462-3200
　　　　　　　　　　　　　　Telecopier (954) 462-3861
　　　　　　　　　　　　　　E-Mail:　bruce@purdylaw.com