UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YASIN ABDULKADIR, NOOR ABIYOW,
ABDIKADIR GURE, ISMAEL
ABDIRASHED and AWEYS MUHUDIN,

    Plaintiffs,

v.                                                         Case No.: 2:19-cv-120-FtM-38MRM

DAVID HARDIN, KEITH HENSON,
JOHN BOOHER, SR., MICHELLE
SUMMERS, GLADES
CORRECTIONAL DEVELOPMENT
CORPORATION, RONALD D.
VITIELLO, JIM MARTIN, JUAN
ACOSTA, JORGE L DOMINGUEZ,
JOSEPH J. BROWN, GLADES
COUNTY, FLORIDA and U.S.
IMMIGRATION & CUSTOMS
ENFORCEMENT,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is the case file. Plaintiffs bring this civil rights action alleging state and federal officials interfered with their ability to practice Islam while in detention at the Glades County Detention Center. (Doc. 1). Plaintiffs assert the Defendants wrongfully cancelled prayer services, deprived them of religiously permissible meals, and failed to provide them with essential religious articles so they may practice their religion. (Doc. 1 at ¶ 4).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

These motions are pending before the Court:

- Plaintiffs' Motion for Extension of Time and Supplement to Motions for Admission Pro Hac Vice (Doc. 44);

- Defendant Glades County, Florida's Motion to Dismiss (Doc. 62);

- Defendants United States Immigration and Custom Enforcement ("ICE"), Ronald D. Vitiello, Jim Martin, Juan Acosta, Jorge L. Dominguez, and Joseph J. Brown's Motion to Dismiss Plaintiff's Complaint Against the Federal Government and Its Officers in Their Official Capacities (Doc. 101);

- Plaintiffs' Consent Motion for Enlargement of Time to File a Response to Official Capacity Federal Defendants' Motion to Dismiss and Accompanying Memorandum of Law (Doc. 104)

- Defendants Glades County, David Hardin, Keith Henson, John Booher, Sr., and Michelle Summers' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum of Law (Doc. 106);

- Defendants Juan Acosta, Joseph J. Brown, and Jorge L. Dominguez's Motion to Dismiss Plaintiffs' Complaint Against Federal Defendants Acosta, Dominguez, and Brown in Their Individual Capacities and Accompanying Memorandum of Law (Doc. 115);

- Defendants Juan Acosta, Joseph J. Brown, and Jorge L. Dominguez's Unopposed Motion to Stay Discovery (Doc. 118);

- Plaintiffs' Unopposed Motion to Withdraw Joseph Saei as Counsel (Doc. 123);

- Plaintiffs' Unopposed Motion for Admission Pro Hac Vice and Written Designation and Consent to Act as Local Counsel (Doc. 124); and

- Plaintiffs' Unopposed Motion to Withdraw Sirine Shebaya as Counsel (Doc. 125).

The Court addresses each motion below, starting with Defendants' motions to dismiss.

**A. Defendants' Motions to Dismiss (Docs. 62; 101; 106; 115)**

Defendants all move to dismiss the Complaint on various grounds. But the Court need not address the various grounds asserted for dismissal because the Complaint

constitutes an impermissible shotgun pleading and the Court must intervene *sua sponte* and order repleader. See *Bryne v. Nexhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (abrogated on other grounds) ("[I]f in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court . . . must intervene *sua sponte* and order repleader.").

Federal Rules of Civil Procedure 8 and 10 set the minimum requirements for pleadings. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 10(b) says "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Problems arise when a plaintiff does not follow these rules. A shotgun pleading is such a problem.

There are four impermissible shotgun pleadings, two of which are at issue here. The first type is when "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (footnote omitted). The next shotgun pleading "asserts[s] claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id. at* 1322.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted). They "waste scarce judicial resources, inexorably broaden[ ] the scope of discovery, wreak havoc on appellate court dockets, and undermine[ ] the public's respect for the courts." *Id.* (internal quotes and citation omitted). And they fail "to give the defendants adequate

notice of the claims against them and the grounds upon which each claim rests." *Weiland,* 792 F.3d at 1323 (footnote omitted).

The Complaint is a textbook shotgun pleading. Counts II, III, and IV all adopt the allegations of Count I. (Doc. 1 at 26-32). The Complaint also mixes several claims against the twelve Defendants without specifying which Defendant is responsible for which acts or omissions. Because the Complaint contravenes pleading rules, Defendants (and the Court) cannot decipher which factual allegations and which asserted claims are attributable to which Defendant. The Court will thus require Plaintiffs to replead their claims by filing an amended free-standing complaint.

**B. Plaintiffs' Unopposed Motions to Withdraw Joseph Saei and Sirine Shebaya as Counsel and Unopposed Motion for Admission *Pro Hac Vice* (Docs. 123; 124; 125)**

Next, Plaintiffs' have moved to withdraw Joseph Saei and Sirine Shebaya as counsel. (Docs. 123; 125). As grounds, Plaintiffs state Joseph Saei and Sirine Shebaya are no longer employed with Muslim Advocates. (Docs. 123 at 2; 125 at 2). Both counsels state they informed Plaintiffs of their intention to withdraw and Plaintiffs do not object to the withdrawal. (Docs. 123 at 2; 125 at 2). Upon review of the motions, the Court finds good cause to allow Joseph Saei and Sirine Shebaya to withdraw from representing Plaintiffs.

Plaintiffs also move this Court for an order allowing Matthew Callahan of Muslim Advocates to appear *pro hac vice* and to participate as co-counsel of record. (Doc. 124). Mr. Callahan is an active member in good standing of the State Bar of California and the Bar of the District of Colombia and admitted to practice in multiple United States Federal

4

Courts. (*Id.* at 2). After reviewing the motion, the Court finds that Mr. Callahan meets the requirements of M.D. Loc. R. 2.02(a) and may appear *pro hac vice* on behalf of Plaintiffs.

**C. Defendants Acosta, Brown, Dominguez's Unopposed Motion to Stay Discovery (Doc. 118)**

Last, Defendants Juan Acosta, Joseph J. Brown, and Jorge L. Dominguez have filed an Unopposed Motion to Stay Discovery pending the resolution of their motion to dismiss based on qualified immunity. Because Defendants' motions to dismiss are granted to the extent the Complaint constitutes a shotgun pleading, the Motion to Stay Discovery is now moot.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motions to Dismiss (Docs. 62; 101: 106; 115) are **GRANTED to the extent the Complaint is an impermissible shotgun pleading.**

2. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

    a. Plaintiffs may file an Amended Complaint **by January 17, 2020**.

    b. **Plaintiff's Failure to file a timely amended pleading or explain their inability to timely comply will cause the closure of this case without further notice**.

3. Plaintiffs' Motion for Extension of Time and Supplement to Motions for Admission *Pro Hac Vice* (Doc. 44) is **DENIED as moot**.

4. Plaintiffs' Consent Motion for Enlargement of Time to File a Response to Official Capacity Federal Defendants' Motion to Dismiss and Accompanying Memorandum of Law (Doc. 104) is **DENIED as moot**.

5

5. Defendants Juan Acosta, Joseph J. Brown, and Jorge L. Dominguez's Unopposed Motion to Stay Discovery (Doc. 118) is **DENIED as moot**.

6. Plaintiffs' Unopposed Motions for Joseph Saei and Sirine Shebaya to Withdraw (Docs. 123; 125) are **GRANTED**.

    a. Attorneys Joseph Saei and Sirine Shebaya are withdrawn from this case.

    b. The Clerk will remove these attorneys from the Court's electronic notification system.

7. Plaintiffs' Unopposed Motion for Admission *Pro Hac Vice* and Written Designation and Consent to Act as Local Counsel (Doc. 124) is **GRANTED**.

    a. Matthew Callahan, Esq. may appear *pro hac vice* on behalf of Plaintiffs.

    b. The Clerk will add Matthew Callahan, Esq. to the service list.

    c. Unless already completed, **within fourteen (14) days of this Order**, Matthew Callahan must complete and submit the E-Filer Registration Form for CM/ECF. **Failure to do so may cause the Court to revoke permission to appear specially.**

    d. Counsel is further reminded that under the local rules of this district, any attorney appearing in this Court under Local Rule 2.02(a) "shall be deemed to be familiar with, and shall be governed by, these [local] rules in general, including Rule 2.04 hereof in particular; and shall also be deemed to be familiar with and governed by the Code of Professional Responsibility and other ethical limitations or

requirements then governing the professional behavior of members of The Florida Bar." M.D. Fla. R. 2.02(c).

e. Attorney Lisa Lehner of the Americans for Immigrant Justice law firm is an active member in good standing of the Florida Bar and of this Court is designated and consents to act as local counsel and shall accept service of all notices and papers on behalf of Plaintiffs.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of January, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record