UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YASIN ABDULKADIR, NOOR ABIYOW,
ABDIKADIR GURE, ISMAEL
ABDIRASHED and AWEYS MUHUDIN,

        Plaintiffs,

v.                                   Case No.:   2:19-cv-120-FtM-38MRM

DAVID HARDIN, KEITH HENSON,
JOHN BOOHER, SR., MICHELLE
SUMMERS, GLADES
CORRECTIONAL DEVELOPMENT
CORPORATION, JIM MARTIN,
JUAN ACOSTA, JORGE L
DOMINGUEZ, JOSEPH J. BROWN
and GLADES COUNTY, FLORIDA,

        Defendants.

_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiffs Time Sensitive Motion for Relief from Personal Attendance at Medication (Doc. 154) and Defendants response in opposition (Doc. 156). The Court finds good cause to grant Plaintiff's Motion.

Plaintiffs Abdulkadir, Gure, Mududin and Abiyow were deported from the United States and live in Africa.  Due to their immigration status and the COVID-19 global healthcare pandemic, these Plaintiffs cannot travel to the U.S. for mediation.  Only Mr. Abdulkadir has access to private internet.  Plaintiffs Gure, Mududin and Abiyow live in Mogadishu and are dependent on public internet to attend the mediation.  Due to the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

seven-hour time zone difference, mediation may extend beyond the time that public internet cafes are open.  Plaintiff Ismail Mohamed is ill. Plaintiffs' Counsel states that Plaintiffs Abdulkadir, Gure and Muhudin will use their best efforts to virtually attend the mediation but confirm counsel has full authority to negotiate on behalf of Plaintiffs. Plaintiffs request that Abiyow and Mohamed be excused from mediation and the mediation proceed as scheduled even if Abdulkadir, Gure and Muhudin cannot attend.

Defendants oppose the Motion because each of the named Defendants will be appearing for the mediation.  Further, Defendants state that because each of the Defendants "have a distinct and unique role" "each Defendant may seek to reach a settlement and/or compromise independent from one another."  (Doc. 156 at ¶ 10). Defendants suggest because Plaintiffs are not currently aware of any settlement offers, they would have no way of knowing the terms of any settlement if they do not attend.  (*Id.* at ¶ 11).  Finally, Defendants suggest that "[n]egotiation efforts can only be fruitful if each individual Plaintiff will have an active opportunity to hear all prosecutive settlement offers" to exercise their "individual autonomy to accept a settlement offer."  (*Id.* at ¶ 12).

The Court finds Defendants opposition to the Motion unreasonable given the concrete and logistical obstacles facing the individual Plaintiffs and Plaintiffs' Counsel representation of settlement authority.  The Court, however, is encouraged by Defendants' representations they will presenting Plaintiff's with "settlement offers" as evidence of Defendants "good faith effort" to resolve this suit at mediation.

Accordingly, it is now

**ORDERED:**

1.      Plaintiffs Time Sensitive Motion for Relief from Personal Attendance at Medication (Doc. 154) is **GRANTED to the extent set forth herein**.

2.      Mediation shall proceed as scheduled.

3.      Plaintiffs Abiyow and Mohamed are excused from mediation and Plaintiffs Abdulkadir, Gure and Muhudin are excused if events occur preventing them from not attending.

4.      The Clerk shall provide a copy of this Order to the mediator, James Nulman, Esquire.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of October 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record