UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YASIN ABDULKADIR, NOOR
ABIYOW, ABDIKADIR GURE,
ISMAEL ABDIRASHED and AWEYS
MUHUDIN,

      Plaintiffs,

v.                              Case No.:2:19-cv-120-FtM-38MRM

DAVID HARDIN, KEITH
HENSON, JOHN BOOHER, SR.,
MICHELLE SUMMERS, GLADES
CORRECTIONAL
DEVELOPMENT
CORPORATION, JIM MARTIN,
JUAN ACOSTA, JORGE L
DOMINGUEZ, JOSEPH J.
BROWN and GLADES COUNTY,
FLORIDA,

      Defendants.
                                    /

## **OPINION AND ORDER**[1]

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim filed by Defendants Glades County, Glades Correctional Development Corporation, David Hardon, John Booher, Sr., and Michelle Summers[2] (Doc. 136). Plaintiffs

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

filed a response in opposition. (Doc. 139). For the following reasons, the Court denies the Motion to Dismiss.

Plaintiffs, five former immigration detainees and Somali nationals, who are proceeding on their First Amended Complaint (FAC), allege actions undertaken by the defendants restricted or substantially burdened their ability to practice their Muslim religion while held in Glades County Detention Center (GCDC). (*See generally* Doc. 132). The FAC alleges four counts,[3] three of which are alleged against the Glades Defendants: (1) Violation of the Religious Land Use and Institutionalized Persons Act (RLIUPA);[4] (2) Violation of the Florida Religious Freedom Restoration Act (FRFRA);[5] and (3) Violation of the First And Fourteenth Amendments under 42 U.S.C. § 1983. The FAC seeks damages against all

---

[2] Collectively referred to in this Order as "the Glades Defendants."

[3] The Fourth Count alleges a violation of the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000 bb *et seq*. against ICE officials Martin, Acosta, Dominguez and Brown in their individual capacity. This action is stayed against the individual federal defendants pending the Supreme Court's decision *Tanzin v. Tanvir*, No. 19-71, 2019 WL 6222538 (Mem.).

[4] Section 3 of RLUIPA, which concerns institutionalized persons, states:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, … even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—

> (1) is in furtherance of a compelling governmental interest; and

> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a)

[5] The Act provides that "[t]he government shall not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability," unless the government can demonstrate the burden furthers "a compelling government interest" and is "the least restrictive means of furthering that compelling governmental interest." Fla. Stat. §§ 761.01-.05.

2

defendants, costs and attorney fees. No declaratory or injunctive relief is requested in the FAC.

The Glades Defendants seeks dismissal of the FAC on the grounds that: (1) the FAC is shotgun pleading; (2) the Court lacks subject matter jurisdiction because and Plaintiffs' claims for injunctive relief are mooted because they no longer are detained in GCDC and the Glades Defendants are entitled to sovereign immunity for claim for money damages under the RLIUPA and FRFRA; and (3) the FAC fails to state claim upon which relief can be granted under 42 U.S.C. § 1983.

The Court need only briefly address each ground for dismissal sought by the Glades County Defendants.

1. Shotgun Pleading

Defendants argue the FAC is a shotgun pleading and violates Fed. R. Civ. P. 8(a)(2) and 10(b). A shotgun pleading is one that "fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Defendants argue that the FAC is deficient because Plaintiffs adopt the antecedent allegations by reference into each count for relief. While the FAC re-alleges the factual allegations for each count (¶¶ 1-115); the counts are not re-alleged and re-incorporated into successive counts. The Eleventh Circuit has expressly stated this pleading tactic does not create a shotgun pleading. *See Id.* at 1324. ("Weiland's re-alleging of paragraphs 1 through 49 at the beginning of each

3

count looks, at first glance, like the most common type of shotgun pleading. But it is not."). The U.S. Supreme Court explained that the purpose of the pleading rules were to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). The Court finds the factual allegations in the FAC are clearly stated and well-organized and provide the Glades Defendants with fair notice of Plaintiffs' claims. The Court finds the FAC is not a shotgun pleading.

    2.    Mootness & Immunity

Defendants next argue that because Plaintiffs no longer are detained in GCDC their claims under RLUIPA and FRFRA must be dismissed. The FAC seeks no injunctive relief. Thus, that Plaintiffs are no longer detained does not moot Plaintiffs' claims for monetary damages. Whether the Glades County Defendants are entitled to Eleventh Amendment immunity turns on whether each of the named defendants (Glades County, Glades Correctional Development Corporation, David Hardon, John Booher, Sr., and Michelle Summers) was operating as an arm of the state as analyzed by the function test in *Manders v. Lee*, 338 F.3d 1304, 1308 n. 8 (11th Cir. 2003)(*en banc*). *See also McMillian v. Monroe County*, 520 U.S. 781, 785 (1997). At this stage of the proceedings, the Court finds no grounds to conclude that the Glades Defendants were operating as an arm of the state.[6] Thus, based upon the pleadings, the Court finds the Glades County

---

[6] This Court offers no opinion as to whether the Glades Defendants were operating as an arm of ICE

Defendants have not demonstrated they are entitled to Eleventh Amendment Immunity for violations of the RLUIPA or Florida state sovereign immunity for violations of FRFRA.  *See e.g. Abusaid v. Hillsborough County Bd. Of County Com'rs*, 405 F.3d 1298, 1314 (11th Cir. 2005); *Howlett v. Rose*, 496 U.S. 356 (1990)

### 3. Failure to State a Claim

Finally, Defendants contend that the FAC does not state a constitutional violation under the First Amendment.  The Court disagrees that the FAC does not plausibly state a First Amendment claim.  At this stage of the proceedings, the Court accepts all facts asserted in the FAC as true and limits its consideration to the pleadings and attached exhibits.  The Rules do not require the plaintiff to set out in detail the facts upon which his claim rests.  Rather, the rules require only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  The Court finds the Plaintiffs sufficiently "nudge[ ] their claims across the line from conceivable to plausible" to survive a motion to dismiss.  *Id.* at 570.

Accordingly, it is now

**ORDERED:**

1. The Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim filed by Defendants Glades County, Glades Correctional Development Corporation, David Hardon, John Booher, Sr., and Michelle Summers (Doc. 136) is **DENIED**.

2.  Defendants Glades County, Glades Correctional Development Corporation, David Hardon, John Booher, Sr., and Michelle Summers shall file a response to Plaintiffs' First Amended Complaint **no later than November 5, 2020**.

3.  Because this matter is set for mediation today, the Clerk shall **immediately** deliver a copy of this Order by email to the mediator, James Nulman, Esquire.

**DONE** and **ORDERED** in Fort Myers, Florida on October 15, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record